1 | Andrew A. Bao (SBN 247092)
  | *aabao@wolfewyman.com*
2 | Heather S. Kim (SBN 277686)
  | *hskim@wolfewyman.com*
3 | **WOLFE & WYMAN LLP**
  | 2175 N. California Blvd., Suite 645
4 | Walnut Creek, California 94596-3502
  | Telephone: (925) 280-0004
5 | Facsimile: (925) 280-0005

6 | Attorneys for Defendant
  | CITIMORTGAGE, INC. (erroneously named as
7 | "CitiMortgage Inc., a New York Corporation")

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

| | |
|---|---|
| DOUGLAS DUFFIELD, | Case No.: |
| Plaintiff, | (Sonoma County Superior Court, Case No. SCV-254828) |
| v. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) et seq.** |
| CR TITLE SERVICES, INC., a Delaware Corporation; VERICREST FINANCIAL, INC., an unknown corporation; CITIMORTGAGE INC., a New York Corporation; and DOES 1 through 50, inclusive, | Action Filed: 12/31/13<br>Trial Date: None set. |
| Defendants. | |

19 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20 | **PLEASE TAKE NOTICE** that Defendant CITIMORTGAGE, INC. (hereinafter, "CMI")

21 | pursuant to 28 U.S.C. Section 1441(b) *et seq.*, hereby removes the state action described below to

22 | this Court.

23 | 1. On or about December 31, 2013, an action was commenced in the Superior Court of

24 | the State of California in and for the County of Sonoma, entitled *Duffield v. CR Title Services, Inc.,*

25 | *et al.,* as Case Number SCV254828. A true and correct copy of the complaint filed in the state

26 | action is attached and incorporated herein as **Exhibit A**.

27 | 2. To date, Plaintiff Douglas Duffield (hereinafter, "Plaintiff") has not effectuated

28 | service of the summons and complaint on CMI. Thus, removal is timely pursuant to 28 U.S.C.

1

**NOTICE OF REMOVAL OF ACTION**

1618442.1

1    § 1446(b) as the thirty (30) day time limit has not yet expired.

2    3.    CR TITLE SERVICES, INC. (hereinafter, "CRT") is either no longer a party to this

3    action or is a nominal party because on or about January 27, 2014, CRT filed a Declaration of Non-

4    Monetary Status pursuant to Cal. *Civ. Code* § 2924l. (*United Computer Systems, Inc. v. AT&T*

5    *Corp.*, 298 F.3d 756, 762 (9thCir. 2002); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652

6    F.Supp.2d 1050, 1052 (N.D. Cal. 2009).) A true and correct copy of the Declaration of Non-

7    Monetary Status filed by CRT is attached and incorporated herein as **Exhibit B**. Further, "when a

8    trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a

9    'nominal' party, thus excusing it from participating in the action." (Cal. *Civ. Code* § 2924l(c)-(d).)

10   As such, there is no need for CRT to consent to or join in the removal. (*United Computer Systems,*

11   *Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).)

12   4.    VERICREST FINANCIAL, INC. (hereinafter, "Vericrest") is a defendant in the

13   above-entitled action, commenced and currently pending in the Sonoma County Superior Court.

14   CMI is informed and believes that Vericrest has not been served with the summons or complaint,

15   and therefore, Vericrest's consent to removal is not required. (*Northern Ill. Gas Co. v. Airco*

16   *Industrial Gases*, 676 F.2d 270, 272 (1982).)

17   5.    There are no other named defendants in this action.

18   6.    This Court has original jurisdiction of this civil action under 28 U.S.C. § 1332.

19   Pursuant to the provisions of 28 U.S.C. § 1441(b), CMI may remove this action based on diversity of

20   citizenship of the parties.

21   7.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists in that:

22   (a)    Plaintiff Douglas Duffield is a citizen of Sonoma County, California.

23   (b)    Defendant CMI is a corporation organized under the laws of New York with

24   its principal place of business in Missouri.

25   (c)    Defendant Vericrest is a corporation organized under the laws of Delaware

26   with its headquarters in Oklahoma.

27   8.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the minimum of

28   $75,000.00.  There is a sufficient amount in controversy for the following reasons:

2

1618442.1

1         (a)     The loan, which is the subject of the complaint, is for $359,650.00; and

2         (b)     Plaintiff seeks compensatory money damages in excess of $125,000.00 as

3  well as punitive damages.

4       9.     The United States District Court for the Northern District of California has

5  jurisdiction in this civil action as the real property that is the subject of the complaint is located in

6  the County of Sonoma. Moreover, the Superior Court of California for the County of Sonoma is

7  located within the Northern District of California. (28 U.S.C. § 84(a).) Thus, venue is proper in this

8  Court because it is the "district and division embracing the place where such action is pending."

9  (28 U.S.C. § 1441(a).)

10       10.     Pursuant to Civil Local Rule 3-2(d), the division to which this civil action should be

11  assigned is the San Francisco Division because the location of the real property that is the subject of

12  this action is in the County of Sonoma.

13       11.     Pursuant to 28 U.S.C. § 1446(a), the only documents known to CMI to have been

14  filed in Sonoma County Superior Court in connection with case number SCV254828 to date are the

15  complaint sheet attached hereto as **Exhibit A**, and CRT's Declaration of Non-Monetary Status

16  attached hereto as **Exhibit B**.

17       12.     Pursuant to 28 U.S.C. § 1446(d), CMI will promptly give written notice of the

18  removal to all adverse parties and will file a copy of the notice with the clerk of the Sonoma County

19  Superior Court.

20       Wherefore, Defendant CMI removes Sonoma County Superior Court case number

21  SCV254828 to the United States District Court, Northern District of California, San Francisco

22  Division.

23  DATED: February 21, 2014          WOLFE & WYMAN LLP

24                                   By: /s/ Andrew A. Bao  SBN 247092

25                                     ANDREW A. BAO
                                    HEATHER S. KIM

26                                    Attorneys for Defendant
                                  **CITIMORTGAGE, INC. (erroneously named**

27                                    **as "CitiMortgage Inc., a New York**
                                  **Corporation")**

28



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3

1618442.1



WOLFE & WYMAN LLP
EXHIBIT "A"

DOUGLAS DUFFIELD
PO BOX 2296
WINDSOR, CA 95492

(707) 217-0664

Plaintiff In Pro Per

```
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

DEC 3 1 2013

BY_____
              Deputy Clerk
```

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| DOUGLAS DUFFIELD,<br><br>    Plaintiff,<br><br>   vs.<br><br>CR TITLE SERVICES, Inc. a Deleware Corporation, VERICREST FINANCIAL, INC., an unknown corporation, CITIMORTGAGE INC., a New York Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. S C V   254825<br><br>**Verified Complaint For:**<br><br>1. **Breach of Covenant of Good Faith and Fair Dealing**<br>2. **Violation of California Business and Professions Code §17200, et seq., Unlawful, Unfair And Deceptive Business Act Practices**<br>3. **Declaratory Relief**<br><br> **And Demand For Jury Trial**<br> **Unlimited Jurisdiction** |

The Plaintiff, DOUGLAS DUFFIELD ("Plaintiff"), brings this complaint against

CITIBANK, N.A. Plaintiff's allegations are based upon  knowledge as to their own acts and upon --

information and belief as to all other matters. Plaintiff's information and belief is based upon among

other things, the investigation undertaken by Plaintiff, which has included, without limitation: (a) interviews of witnesses; (b) review of CITI'S published materials and information available on the internet; (c) analysis of public records and documents; (d) news sources, articles, and other publications; and (e) information contained in various newspapers, magazines and other publications concerning the conduct alleged herein. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF ACTION

1.      Plaintiff brings this action against Defendants for Breach of the implied covenant of good faith and fair dealing, and for unlawful, unfair, and deceptive business practices in violation of California Business and Professions Code §17200, et seq.

2.      Plaintiff has had a residential mortgage serviced by CR TITLE SERVICES  for which he sought a loan modification. Plaintiff's loan modification requests became an agonizing and frustrating process. Plaintiff had to send and resend financial information and constantly got the runaround from CR TITLE and VERICREST employees.

3.      Plaintiff ultimately lost the home and received a check from the Independent Foreclosure Review.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to the California Constitution, article VI, section 10 and California Code of Civil Procedure section 410.10, because Defendants transacted business and committed the acts complained of herein in California.

5.      The above-captioned Court is the Court with proper venue for this case as the Defendants entered into the underlying contract with Plaintiffs in the above-referenced jurisdiction and the payment obligations are to be performed in the above-referenced jurisdiction.

## PARTIES

6.    Plaintiff, DOUGLAS DUFFIELD, has had a residential mortgage serviced by CR TITLE SERVICES INC., for which they had sought a loan modification numerous times. Plaintiff is a resident of Sonoma County

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant, CR TITLE SERVICES INC., ("CR TITLE"), at all times herein mentioned was qualified to do business in the State of California and doing business in the above referenced judicial district. At all times hereto, CR TITLE was engaged in the business of servicing the loan that is subject of this Complaint. CR TITLE transacts business in Sonoma County, California and has significant contacts with Sonoma County, California, and the activities complained of herein occurred, in whole or in part, in Sonoma County, California.

8.    Plaintiff is informed and believes, and thereon alleges, that Defendant, VERICREST FINANCIAL, ("VERICREST"), at all times herein mentioned was qualified to do business in the State of California and doing business in the above referenced judicial district. At all times hereto, VERICREST was engaged in the business of servicing the loan that is subject of this Complaint. VERICREST transacts business in Sonoma County, California and has significant contacts with Sonoma County, California, and the activities complained of herein occurred, in whole or in part, in Sonoma County, California.

9.    Plaintiff is informed and believes, and thereon alleges, that Defendant, CITIMORTGAGE INC., (hereinafter referred to as "CITI"), at all times herein mentioned herein was qualified to do business in the State of California and doing business in the above referenced judicial district. CITI transacts business in Sonoma County, California and has significant contacts with

Sonoma County, California, and the activities complained of herein occurred, in whole or in part, in Sonoma County, California.

10.    Defendants CR TITLE, VERICREST and CITI are hereinafter referred to as "Defendants".

## FACTS COMMON TO ALL CAUSES OF ACTION

11.  Plaintiff, is at all times relevant to this Complaint, the owner of the residence located at 995 Ginko Place Windsor, CA 95492.

7. Plaintiff signed a Deed of Trust on June 23, 2005 that was subsequently recorded on 07/05/2005 as instrument number 2005095944 in the Official Records in the Office of the Recorder of Sonoma County, California with "MERS" as beneficiary in the sum of $359,650.00.

8.  Plaintiff fell behind on the payments due to a substantial loss in income. A Notice of Default was issued on 10/15/2009 and recorded on 10/19/2009 as instrument number 2009099845 in the Official Records in the Office of the Recorder of Sonoma County. Upon contacting CR TITLE, he was informed that he would need to apply for a loan modification and go through a trial period of payments in which then he would be "put into a full loan modification".

9. Plaintiff made payments through Western Union as follows:

(a) 11/20/2009 for $1705.00

(b) 12/28/2009 for $1705.00

(c) 01/28/2010 for $1705.00

(d) 02/25/2010 for $1705.00

(e) 03/25/2010 for $1705.00

(f) 04/28/2010 for $1705.00

(g) 05/25/2010 for $1705.00

(h) 06/25/2010 for $1705.00

(i) 09/28/2010 for $1705.00

## FIRST CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### (Against all Defendants)

66.     Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.     Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

68.     The terms of the Loan imposed upon Defendants a duty of good faith and fair dealing in this matter.

69.     Defendants enjoyed substantial discretionary power affecting the rights of the Plaintiff during the events alleged in this Complaint. Defendants were required to exercise such power in good faith.

70.     Defendants negligently and/or willfully breached the implied covenant of good faith and fair dealing with Plaintiffs when Defendants did not provide Plaintiffs a Permanent Loan Modification under HAMP.

71.     Beginning in or around February 2012 Plaintiff began seeking loan modification alternatives from Defendants. Plaintiff contacted CR TITLE to inquire about obtaining a loan

modification.  Plaintiff applied for a loan modification through CR TITLE. Plaintiff went through the modification process, complying with all of CR TITLE's requests. Plaintiff never received any legitimate reason for the denial of his loan modification applications, only that CR TITLE did not receive requested documentation, when in fact Plaintiff had timely submitted all requested information and documentation.

72.     Throughout Plaintiff's attempts to apply for an affordable loan modification with Defendants, Plaintiff's efforts have been thwarted and unsuccessful because of Defendants' tactics and roadblocks to continually deny Plaintiffs, including claiming Plaintiffs did not comply with Defendants' requests to provide documentation when in fact Plaintiff had, and transferring Plaintiffs to different departments in order to avoid Plaintiffs' loan modification requests.

73.     Defendants' negligent and/or willful efforts to thwart Plaintiffs' efforts to obtain a workout solution prevented Plaintiffs from fulfilling his obligations under the contract.

74.     As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged in the amount of ongoing penalties, fees and interest charged by Defendants for Defendants' refusal to accept Plaintiff's Loan payments, Plaintiff's nonacceptance for Permanent Loan Modification, due to Defendants' negligent or willful attempts to thwart his efforts for a Permanent Modification, which did result in the loss of his home. Plaintiff has been damaged in an amount to be proven at trial.

75.     Defendants' actions in this matter have been, negligent, willful, knowing malicious, fraudulent, and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

76.     Plaintiffs are entitled to such relief as is set forth in this Cause of Action including punitive damages, in excess of $125,000.00, and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS 17200, et seq. UNLAWFUL, UNFAIR AND DECEPTIVE ACTS OR PRACTICES
### (Against all Defendants)

86.    Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.    By engaging in the above-described acts and practices Defendants has committed one or more acts of unfair competition within the meaning of Business & Professions Code sections 17200, et seq.

92.    Unlawful: The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business & Professions Code sections 17200, et seq. Defendants' unlawful business acts or practices as alleged herein have violated numerous laws including state statutory and common law, and said predicate acts are, therefore, per se violations of sections 17200, et seq. These predicate unlawful business acts or practices include, but are not limited to, the following: California Civil Code sections (Deceit), 2923.5, and other statutory and common law in effect.

96.    At all times relevant, Defendants' misconduct and omissions alleged herein (1) caused substantial injury to Plaintiff, (2) had no countervailing benefit to consumers or to competition that could possibly outweigh this substantial injury, and (3) caused injury that could not have been avoided, because it resulted from Defendants' claiming Plaintiff did not comply with Defendants' requests, thereby denying the loan modification. Thus, Defendants' acts or practices as alleged herein were unfair within the meaning of Business & Professions Code sections 17200, et seq.

97.    Fraudulent: Defendants' acts and practices, as alleged herein, were likely to, and did deceive the Plaintiff. The Material Omissions, acts, and practices, as alleged herein, therefore,

constitute fraudulent business acts or practices within the meaning of California Business & Professions Code sections 17200, et seq. are, but are not limited to, the following:

108. The unlawful, unfair, deceptive, and fraudulent business acts or practices of Defendants, as fully described herein, present a continuing threat to Plaintiffs and members of the public to be misled or deceived by Defendants' as alleged herein. Plaintiffs and other members of the general public have no other remedy of law that will prevent Defendants' misconduct as alleged herein from recurring.

109. As a direct and proximate result of Defendants' unlawful, unfair, or fraudulent conduct alleged herein, Plaintiff has lost thousands of dollars of equity in his home. Plaintiff is a direct victim of the Defendants' unlawful, unfair, and fraudulent conduct, and Plaintiffs have suffered injury in fact, and have lost money or property as a result of Defendants' unfair competition.

110. Plaintiff justifiably relied on Defendant's deception, which was the actual and proximate cause of Plaintiff's damages, including but not limited to loss of his home as a result of their unfair and fraudulent business acts or practices, in an amount to be proven at trial.

111. Plaintiff is entitled to injunctive relief, to such relief as is set forth in this Cause of Action, in excess of $125,000.00, and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

129. Plaintiff has applied for Permanent Modifications on multiple occasions. Defendants continue to engage in unfair business practices by willfully ignoring all of Plaintiff's attempts to be approved for an affordable Loan Modification program.

130. On each of Plaintiffs' attempts to get a Loan Modification, his efforts have been thwarted and unsuccessful because of Defendants' tactics designed to continually deny Plaintiff his legal rights, including claiming Plaintiff did not comply with Defendants' requests, transferring

Plaintiff to different departments in order to avoid Plaintiff's legitimate Loan Modification requests, and then denying Plaintiff's request without any explanation for such denial.

131.   By engaging in an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his home and equity, as well as his past and future investment, Defendants have not only effectuated said design.

132.   By reason of the foregoing, Plaintiff has suffered and continues to suffer damages, including, but not limited to, interest and late fees, in a sum that is, as yet, unascertained, to be proven at trial.

133.   Plaintiff is entitled to such relief as is set forth in this Cause of Action, in excess of $125,000.00, and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF
#### (Against All Defendants)

147.   Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

148.   As stated above, Defendants wrongfully and unlawfully initiated a foreclosure proceeding against Plaintiff's home.

149.   Said foreclosure proceeding was consummated in direct contravention of the terms set forth in the above referenced Agreements which Defendants, and each of them breached in bad faith.

150.   By reason of the wrongful and unlawful foreclosure actions taken by Defendants Plaintiff sustained great and irreparable injury because he did permanently lose his home of many years, and it will be impossible for Plaintiff to obtain adequate relief by way of money damages because of the unique nature of real property and, therefore, are without an adequate remedy at law.

151.   Plaintiff will sustain damages in excess of the jurisdictional limit of this Court, in excess of $125,000.00, and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiff prays for judgment against Defendants and each of them as follows:

1. For compensatory damages awarded according to proof, in excess of $125,000.00;

2. For exemplary and punitive damages according to proof;

3. For reasonable attorneys' fees and costs of suit;

4. For damages provided by statute; and

5. For such other and further relief as the court deems just and proper

DATED: 12/31/2013

DOUGLAS DUFFIELD
Plaintiff in Pro Per

## VERIFICATION

I, DOUGLAS DUFFIELD am the Plaintiff in this action. I have read the Complaint and the facts and allegations contained therein are true to the best of my knowledge, except as to those matters stated on information or belief and as to those matters, I believe them also to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Santa Rosa, California, on   12/31/2013

DOUGLAS DUFFIELD
Plaintiff in Pro Per



WOLFE & WYMAN LLP
EXHIBIT "B"

1 | PETER L. SALMON (SBN 174386)
CHRISTOPHER L. PETERSON (SBN 215069)
2 | JILLIAN A. BENBOW (SBN 246822)
PITE DUNCAN, LLP
3 | 1920 Main Street, Suite 760
Irvine, CA 92614
4 | (714) 285-2633
(714) 285-2668 facsimile
5 | E-Mail: jbenbow@piteduncan.com

6 | Attorneys for Defendant CR TITLE SERVICES, INC.

7

**ENDORSED**
**FILED**

JAN 2 7 2014

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SONOMA**

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SONOMA**

10

11 | DOUGLAS DUFFIELD,, | Case No. SCV 254828

12 | Plaintiff,

13 | v. | **DEFENDANT CR TITLE SERVICES, INC.'S DECLARATION OF NON-MONETARY STATUS**

14 | CR TITLE SERVICES, Inc. a Delaware Corporation, VERICREST FINANCIAL, | [Civil Code § 2924l]

15 | INC., an unknown corporation, CITIMORTGAGE INC.,a New York

16 | Corporation; and DOES 1 through 50, inclusive,

17

18 | Defendant.

19

20 | I, Jillian A. Benbow, declare and state as follows:

21 | 1. I am an attorney at law, duly admitted to practice in the State of California and I am

22 | an attorney with Pite Duncan, LLP, counsel for Defendant, CR TITLE SERVICES, INC. ("CR

23 | Title"), in the above-referenced action. I make this declaration pursuant to Civil Code section

24 | 2924l on behalf of CR Title based upon information and belief, and if called upon to testify, I could

25 | and would be competent to do so.

26 | 2. On December 31, 2013, Plaintiff Douglas Duffield ("Plaintiff"), filed a Complaint

27 | ("Complaint") in the Superior Court of California, County of Sonoma alleging causes of action for

28 | (1) breach of covenant of good faith and fair dealing; (2) violation of business and professions code

-1-
DECLARATION OF NON-MONETARY STATUS | 4380512 wpd

1  section 17200; and (3) declaratory relief.

2      3.    Based on my review of Plaintiff's Complaint, it is my reasonable belief that CR Title
3  has been named in this action solely in its capacity as Trustee, and not arising out of any wrongful
4  acts or omissions on its part in the performance of its duties as Trustee. The Complaint arises out
5  of a loan involving the borrower and the lender. CR Title is simply the foreclosure Trustee with the
6  power to foreclose on the property that arises from the Deed of Trust securing the loan. The basis
7  for my reasonable knowledge or belief set forth above is that CR Title has not been involved in any
8  way with the property which is the subject of this lawsuit outside of its capacity as Trustee, and has
9  no interest in the property, except to be named as the Trustee under the deed of trust encumbering
10  the property by way of Substitution of Trustee. The trustee's conduct, including the recording of the
11  substitution of trustee and foreclosure notices, is privileged pursuant to Civil Code § 47 and 2924(d).

12      4.    I am not aware of any evidence produced to date by Plaintiff or the remaining
13  Defendants, or of any facts, documents, or testimony tending to suggest that CR Title in any
14  misconduct in connection with the performance of its duties as Trustee. Pursuant to Civil Code
15  §2924(b) the foreclosure trustee incurs no liability for reliance in good faith on information provided
16  in good faith by the beneficiary regarding the nature and amount of the default under the secured
17  obligation. Further, pursuant to Civil Code § 2924(b), foreclosure trustees are not subject to the
18  California Rosenthal Act.

19      5.    Given the foregoing facts, CR Title hereby agrees to be bound by whatever
20  non-monetary Order or Judgment that this Court issues with regard to the Deed of Trust which is the
21  subject of this lawsuit.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1       6.    The filing of this disclaimer and declaration on behalf of CR Title is not intended to

2 and does not prejudice the rights of any trustor, beneficiary, or assignee under said deed of trust, and

3 shall not constitute a waiver of any other person or entity's rights or obligations under said deed of

4 trust.

5       I declare under penalty of perjury under the laws of the State of California that the foregoing

6 is true and correct.

7       Executed this _____ day of January 2014, at Irvine, California.

8

9                                             _____

10                                       JILLIAN A. BENBOW
                                      Attorneys for Defendant CR TITLE SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NON-MONETARY STATUS                 4380512.wpd

1 | Duffield v. CR Title Services, Inc., et al.
Superior Court of California County of Sonoma
2 | Case No(s). SCV 254828

3 | ### DECLARATION OF SERVICE

4 |     I, the undersigned, declare:  I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action.  My business address is 1920
5 | Main Street, Suite 760, Irvine, CA 92614.

6 |     On January 23, 2014, I served the following document(s): DEFENDANT CR TITLE SERVICES, INC.'S DECLARATION OF NON-MONETARY STATUS, on the parties in this
7 | action addressed as follows:

8 |
**Douglas Duffield**
9 | P.O. Box 2296
Windsor, CA 95492
10 | (707) 217-0664
*Plaintiff In Pro Per*
11 |

12 |

13 | X     **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above.  I am readily familiar with the firm's practice of collection and processing correspondence for
14 | mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed
15 | invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16 |

17 | _____   **BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the above-described document(s).  I verified transmission with a confirmation printed out
18 | by the facsimile machine used.  Thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.
19 |

20 | _____   **BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope addressed as indicated above.  I am familiar with the firm's practice of collection and
21 | processing correspondence for Federal Express delivery and that the documents served are deposited with Federal Express this date for overnight delivery.
22 |

23 |     I declare under penalty of perjury under the laws of the State of California that the

24 | foregoing is true and correct.

25 |     Executed this __23rd__ day of January, 2014, at Irvine, California.

26 |

27 | REBEKAH A. BAPTISTE

28 |

- 1 -